HONORABLE RONALD B. LEIGHTON

1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IGOR LUKASHIN,

                Plaintiff,

      v.

CITY OF OLYMPIA, et al.,

                Defendants.

CASE NO. C16-5207-RBL

ORDER DENYING MOTION TO
RECUSE AND FOR
REASSIGNMENT TO DISTRICT
OUTSIDE THE NINTH CIRCUIT

14    THIS MATTER is before the Court on Plaintiff Lukashin's Motion to Recuse and for

15 Reassignment to District Outside the Ninth Circuit. [Dkt. #19]. This is the third case arising out

16 of Defendant City of Olympia's efforts to collect an outstanding utility bill from Lukashin.

17    AllianceOne Receivables Management Inc (ARMI) sued Lukashin in Thurston County

18 District Court to collect the debt, and he asserted an FDCPA counterclaim. ARMI won, Lukashin

19 lost, and he appealed. While the appeal was pending, he sued ARMI in this court (*Lukashin v.*

20 *AllianceOne Receivables Management, Inc., et al.*, Cause No. 12-cv-5880RBL). That case was

21 dismissed with prejudice and without leave to amend on *res judicata* and *Rooker-Feldman*

22 grounds. [*See* Dkt. #21 in that case.]

23

24

ORDER DENYING MOTION TO RECUSE AND
FOR REASSIGNMENT TO DISTRICT OUTSIDE
THE NINTH CIRCUIT - 1

1    Lukashin appealed and the Ninth Circuit affirmed—including this Court's refusal to

2    permit Lukashin to amendment his complaint:

3    > Denial of leave to amend was not an abuse of discretion because amendment
     > would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2010)

4    > (en banc) (setting forth standard of review and explaining that a district court
     > should grant leave to amend unless "the pleading could not possibly be cured by

5    > the allegation of other facts" (citation and internal quotation marks omitted)). .

6    [See Dkt. #28 at 3 in that case].

7    Lukashin has now sued the City of Olympia for "due process violations" arising out of

8    the same underlying utility bill collection dispute and litigation. He asks this Court to recuse

9    itself and to assign the case to a District outside the Ninth Circuit. He claims that the Court's

10   "totally unexplained dismissal with prejudice of the ARMI Case violated the Lukashins' Due

11   Process Clause right to, at the very least, a "facially legitimate and bona fide reason" for such

12   property deprivation of a "chose in action." [Dkt. # 19 at 2] The import, apparently, is that he

13   thinks this Court was wrong and that it may be biased against him.

14   Lukashin also suggests that the Court should recuse because it may be prosecuted, or at

15   least required to testify, if Lukashin wins:

16   **[A] Reasonable Well-Informed Observer ("RWIO") could conclude that**
     **ruling in Lukashin's favor in the instant action would be against the Court's**

17   **own penal interest and/or require the Court's witness testimony regarding its**
     **own prior rulings in related cases.**

18   [Dkt.# 19 at 6]

19   A federal judge should recuse himself if "a reasonable person with knowledge of all the

20   facts would conclude that the judge's impartiality might reasonably be questioned." 28

21   U.S.C.§144; 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993).

22   This is an objective inquiry concerned with whether there is the appearance of bias, not whether

23

24

1  there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v.*

2  *Conforte*, 624 F.2d 869, 881 (9th Cir.1980).

3        Lukashin has not shown that a reasonable person could question this Court's impartiality.

4  His prior claim was dismissed and that dismissal was affirmed. That is not evidence of bias; it is

5  confirmation that his prior claim was without merit. The claim that a Lukashin victory in this

6  case would be against this Court's "penal interests" is frivolous. This Court will not recuse itself

7  voluntarily, and **REFERS** this matter to Chief Judge Martinez under LCR 3(e).

8        The other pending motions [Dkt. #s 22, 24, and 25) will be resolved in a separate Order

9  after Judge Martinez rules on the Motion to Recuse.

10        IT IS SO ORDERED.

11        Dated this 1st day of September, 2016.

Ronald B. Leighton
United States District Judge

ORDER DENYING MOTION TO RECUSE AND
FOR REASSIGNMENT TO DISTRICT OUTSIDE
THE NINTH CIRCUIT - 3