<a>
<b>

</b>
</a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

<a><b></b></a>

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IGOR LUKASHIN,<br><br>              Plaintiff,<br><br>       v.<br><br>CITY OF OLYMPIA, *et al.*,<br><br>              Defendants. | CASE NO. C16-5207-RBL<br><br>ORDER<br><br>[Dkt. #s 22, 24, and 25] |

THIS MATTER is before the Court on the following Motions: *Pro se* plaintiff Lukashin's Motion to Amend his Amended Complaint [Dkt. #22]; Lukashin's Motion for a Preliminary Injunction [Dkt. #24]; and Defendants' Motion for Judgment on the Pleadings [Dkt. #25].

This is the actually the *fourth*[1] case arising out of Defendant City of Olympia's efforts to collect from Lukashin an outstanding utility bill—$532—in 2010. Olympia assigned the debt to AllianceOne Receivables Management Inc (ARMI), which sued Lukashin in Thurston County

---

[1] The Court's prior Order [Dkt. #40] counted only three—Lukashin's state court case against ARMI, his federal case against ARMI, and this case. Lukashin also litigated another state court case against the City of Olympia. That case was settled and in exchange for $15,000, Lukashin dismissed his suit with prejudice and released all claims, known or unknown.

District Court to collect the debt, and he asserted counterclaims related to the validity of the assignment, violations of the FDCPA, and the like. ARMI won $10,000, Lukashin lost, and he appealed all the way to the state Supreme Court, which denied review. [Dkt #15-7] While the appeal was pending, Lukashin sued ARMI in this court (*Lukashin v. AllianceOne Receivables Management, Inc., et al*., Cause No. 12-cv-5880RBL). That case was dismissed with prejudice and without leave to amend on *res judicata* and *Rooker-Feldman* grounds. [*See* Dkt. #21 in that case.] Lukashin appealed and the Ninth Circuit affirmed, including the denial of leave to amend. [Dkt. #28].

In 2013, Lukashin sued Olympia in Thurston County, alleging that it had failed to comply with various public records requests (related to his utility bill), and asserting a misrepresentation claim related to the utility bill. He sought declaratory relief and damages. His Complaint recited and relied upon many of the same facts alleged in the prior cases, which are alleged again in this one. That case was settled for more than $15,000. Lukashin agreed to dismiss his case with prejudice, and to release and hold harmless the City from all claims, known or unknown. [Dkt. #s 15-1 and 15-9]

Nevertheless, three years later, Lukashin sued the City again, along with William Sampson (the employee who initially assigned Lukashin's utility bill to ARMI for collection), Annaliese Harksen (an assistant City attorney), and Mark Barber (the Olympia City attorney). This time, Lukashin asserts a §1983 claim for violation of his due process rights, again based on the City's assignment and collection efforts. The City has counterclaimed[2] for Lukashin's breach of the settlement agreement. It seeks damages and fees under 42 U.S.C. §1988, Rule 11 and

---

[2] An attorney appeared for Lukashin with respect to the counterclaims but has not appeared or filed anything related to Lukashin's own claims or to the pending motions. Lukashin apparently remains *pro se* on his own claims.

RCW 4.84.185 (frivolous filings). It also asks the Court to find that Mr. Lukashin is a vexatious litigant, and enter an order barring him from filing additional suits of this nature.

**A. Motion to Amend.**

Lukashin has amended his complaint in this case once, and seeks leave to do so again, primarily to highlight for the Court recent cases that he apparently believes support his claim. He also seeks to paint Sampson as ARMI's agent, and to pursue a class[3] action. The City opposes another amendment, arguing that the claims are baseless and amendment would be futile because they are time barred, barred by Lukashin's prior adverse judgments, and by the settlement and release.

Leave to amend a complaint under Rule 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "**bad faith**, undue **delay**, **prejudice** to the opposing party, **futility** of amendment, and whether the plaintiff has **previously amended** the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.

Lukashin's proposed amendment fails under each of these measures. First, his proposed amended claims are futile. A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D.

---

[3] *A pro se* plaintiff cannot represent a class (or a corporation, or another person); he can represent only himself.

Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997)). Lukashin's §1983 claims are plainly time barred.

§1983 contains no statute of limitations. Federal (and state, for that matter) courts instead "borrow "§1983 limitations periods from analogous state law. Specifically, they borrow the state's "general or residual statute for personal injury actions." *Owens v Okure*, 488 U.S. 235. 250 (1989). In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v CMC Realty Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Therefore, in this District, the limitations period for a §1983 claim is three years. All of Lukashin's claims accrued in 2010, when all of the operative facts occurred. His claims are facially time barred[4], even if he had not already litigated them and lost.

Lukashin's claims are also barred by *res judicata*. Under *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that *were or could have been* raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980)(emphasis added). The doctrine of *res judicata* bars a party from re-filing a case where three elements are met: (1) identity of claims; (2) final judgment on the merits; and (3) identity or privity between parties. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850, n. 4 (9th Cir. 2000); *Thompson v. King Co.*, 163 Wash. App. 184 (2011).

The doctrine of claim preclusion, or "true" *res judicata*, provides that a final judgment establishes the full measure of relief that a plaintiff is entitled to for his or her claims or causes of action. Wright and Miller, Terminology of Res Judicata, *Federal Practice and Procedure* vol. 18 § 4402 (2d ed.) (quoting *Kaspar Wire Works, Inc. v. Leco Engr'g & Mach., Inc.*, 575 F.2d 530, 535–536 (5th Cir. 1978). When a final judgment is rendered, the claims that the plaintiff has

---

[4] Lukashin's RICO claims are also barred by RICO's four year limitations period.

1 | brought or **could have brought** are merged into the judgment. After the claims are merged into
2 | the judgment, the plaintiff may not seek further relief on those claims in a separate action. *Id.*
3 |       Lukashin's current claims could have been, and should have been, litigated previously—
4 | they all arise from the same set of facts that have been litigated and adjudicated three times.
5 | Furthermore, if and to the extent the claims are an attempt to have this court grant what Lukashin
6 | tried and failed to get from the state court system in the first case, the claims are barred by
7 | *Rooker Feldman*. This Court cannot and will not review or reverse decisions made in state court.
8 | The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of
9 | injuries caused by state-court judgments . . . and inviting district court review and rejection of
10 | those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct.
11 | 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in
12 | federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state
13 | court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de
14 | facto appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir.2003); *Carmona v. Carmona*, 603 F.3d
15 | 1041, 1050 (9th Cir. 2008).
16 |       Lukashin's claims are also brought in bad faith. He has repeatedly sued the City and its
17 | employees for what was at the time a minor utility bill dispute. The City settled one of these
18 | cases and actually paid him $15,000—and he sued again.
19 |       Lukashin's claims have been unreasonably delayed. He should have brought them within
20 | the limitations period, and he should have brought them in one of his prior lawsuits. The
21 | prejudice to the Defendants in having to defend serial, frivolous lawsuits is self-evident. For the
22 | same reason, the "already amended" factor weighs against yet another bite at the apple. Lukashin
23 |
24 |

has already amended once in this case, but more importantly, this is his fourth lawsuit arising from the same facts.

Enough is enough. The Motion to Amend [**Dkt. #23**] is **DENIED**.

**B. Motion for TRO.**

Lukashin's Motion for a Preliminary Injunction is difficult to read. It recites what he claims are the holdings of various cases, but he does not tie them to this case, and he does not articulate what he wants the court to enjoin, specifically.

It is apparent that he is still trying to litigate the 2010 assignment of his utility bill, and he wants a refund for himself and the class he wants to represent. He claims that RCW 19.16.500(1)(b) is facially unconstitutional, but does not ask the court to reach that issue. He does not address the standard applicable to his motion.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*.

*American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Lukashin has not met this standard. He has not shown any likelihood of success on the merits of his §1983 claim—it is barred any number of ways, and his motion does not support the conclusion he asserts even if it was not. He has not shown irreparable harm in the absence of injunctive relief; he has already litigated this issue and lost; re-litigated it and lost, and then *re-litigated* it and settled for 30 times the original debt.

Lukashin has not shown that the balance of equities tips in his favor; just the opposite is true. And the public has no interest whatsoever in permitting Mr. Lukashin to continue wasting public assets and time re-litigating a minor dispute that was long ago resolved against him.

The Motion for a Preliminary Injunction [**Dkt. #24**] is **DENIED**.

**C.  Motion for Judgment on the Pleadings.**

The Defendants seek dismissal of this case on the pleadings, based on the release and because the limitations period—three years—for any §1983 claim arising out of that dispute has expired.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c)

motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); S*prewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v.  General Dynamics C4 Systems, Inc.*, 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

On a 12(b)(6) or 12(c) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

The court has already explained that the limitations period for a §1983 claim is three years. Lukashin's claim is facially time barred, and there are no additional or different facts that

1  he could allege to make his §1983 claims plausible or viable. He cannot plead around the fact
2  that the dispute is more than six years old, or that this is the fourth lawsuit arising from it. There
3  is nothing he can add that will change the fact that he already released these claims in exchange
4  for $15,000.

5        The Motion for Judgment on the Pleadings [**Dkt. #25**] is **GRANTED**, and all of
6  Lukashin's claims are **DISMISSED**, **with prejudice and without leave to amend**.

7        The Defendants' counterclaims, including its requests for fees and a bar order, remain for
8  further motion practice or trial.

9        IT IS SO ORDERED.

10       Dated this 13th day of September, 2016.

                                          Ronald B. Leighton
                                          United States District Judge